In the United States District Court for the middle district of Alabama

98316 Irving Johnson, - Special, Tiny, Others call me Rock and roll. Non-professional, on my own, Plaintiff.

RECEIVED
2014 JUN -9  P 12: 41
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

vs.

Civil action number _____
(to be supplied by this Court's Clerk).

Robert Bentley, Charles Price, Robert G. Esdale, Sr. Clerk's office, State of Alabama Supreme Court. Florence M. Cauthen, Montgomery County - Commission and or Donald L. Mims. And any one or others implicated in their individual capacity. and where required official capacity, Defendants.

I.

A. Other law suits commenced in state court dealing with same facts as in this action. See the particular relevant mentioned at, I, C (1).

B. Other law suits commenced in federal and state courts relating to this unconstitutional imprisonment. See some of at I, C (2).

C. (1). Irving Johnson vs. Charles Price, Defendant. Montgomery County, docket number "_____" assigned Circuit judge? disposition delayed, "reason for, unknown" Date of filing approximately December 12th, 2013 Approximate date of disposition December 13th 2013. Activil action, which if need be can be consolidated with this instant matter. I prefer not having to consolidate any cases which may also include access to court refusal claims, unless already so as just mentioned. I am plaintiff in all cases not otherwise shown.

Federal Civil. Irving Johnson vs Jerry Pluckett, Defendant, St. Clair County, Northern district of Alabama. docket number "02-AR-1136-M" William M. Acker, Jr. United States District Judge. Approximate disposition - Dismissed without prejudice, until I can pay the $150.00 filing fee. Approximate of filing May 03 - "2002" Approximate date of order May 16th, 2002.

Civil action case, Johnson, Irving vs. Mrs Etheridge Defendant. Montgomery County, docket number 2010-000771.00 assigned judge Charles Price. disposition judgment in favor of plaintiff. but Demand of Complaint is yet to be paid. Lawsuit filed August 05th, 2010. Approximate date of disposition December 1st, 2010.

Civil Action case, Irving Johnson, 98316 vs. Patterson, White, Bentley The

.1

Lieutenant Governor Daugherty, Williams, James, Burroughs, Wiley, Ezell Williams and Feaster... Defendants. Montgomery County. Civil Action case (CA) 2013-000816.00. Charles Price Judge. Disposition, Denied pauper status as no institutional financial record is attached. The order was objected to and the document required forwarded, the continued delay is questioned, as unjust. The case was filed, November 26th, 2013. Approximate date of Disposition, December 30th, 2013.

Civil action complaint, Irving Johnson vs M's Parker. Defendant, Escambia County. Civil action 2007-000031.00. Bert W. Rice, judge, disposition - Dismissed (irrelevant) "It now appears that the matter was proceeded with prior to fulfilment of procedural due process. Case filed - February 21st, 2007. Order of dismissal dated April 27th, 2012.

I. C2. Criminal case. Petition: Redress of Grievance. State of Alabama vs. Ervin Rawls Defendant, Petitioner. Dallas County. CC-case # 1988-43N. J.C. Norton Judge. Disposition, petition fell flat. Approximate date petition was filed, October 25th, 1988.

Appeal of criminal Conviction (CC-88-43N) Appellant Irving Johnson, vs State of Alabama. Appellee Montgomery 2nd (second) Division case number 695. Disposition, Affirmed without opinion. Appeal filed - December 23rd, 1988. Approximate date of disposition, May 12th, 1989.

Federal, Habeas and civil action Complaints. Ervin Rawls, petitioner/plaintiff. vs Dallas County, Alabama. Respondent. Defendants. Southern district of Alabama. Habeas Complaint 88-0813 BH-C and M marked over C. Civil Action Complaint 88-0814 - BH-C. Ordered Consolidated November 22nd, 1988. Magistrate judge Bert W. Millings Jr. March 1989 I sent forth a new Habeas or Complaint to serve the whole matter captioned: "For the Federal Court of the Southern District of Alabama." "The case: in connection with order in Federal civil action # 88-0813 BH-M". "Stemming from: Dallas county District Court accusations: Rape first degree and Burglary first degree, followed by Indictment # CC-88-43N. Charges Rape first degree, Burglary first degree Dallas county circuit (felony trial court) court. at Selma, Dallas County, Alabama — (Book 38)!" "The just mentioned independent petition is the better entry". Yet it appears it "fell flat". Magistrate Millings ordered a new petition enter on as appearing the independent of form petition was in no part considered nor returned to me. The newest Petition was allowed to be Rawls vs Charlie E. Jones Respondent. "88-0813-BH-M" Disposition, Denied by Senior United States District Judge. W.B. Hand. April 30th, 1991 the appeal failed, as untimely. 92-6923.

State Post Conviction Petition attempt. The Defendant Irving Johnson/Rawls vs State. Dallas County Petition case CC-88-43.01, J.C. Norton judge.

2

disposition, Dismissal granted. — Petition entered filed April 1990. but is voidable. Approximate date of disposition June 1st, 1990.

Federal Habeas Complaint. Ervin Rawls petitioner, vs. Charles E. Jones, Respondent(s). Southern District of Alabama. Civil Action 93-0250 RV-5 District Judge Richard W. Vollmer. and Magistrate Judge William H. Steele. Disposition, Petition denied. November 09th, 1995. Certificate of probable Cause for Appeal Denied February 12th, 1996 by District Judge. Petition filed December 14th, 1993. Circuit Judge _____ denied right to appeal June 29th 1996

Taking a large skip. Federal Habeas Complaint. Inre: A.k.a. Prisoner N/098316 Irving Johnson. In propri persona Applicant. United States of America, Amicus Curiae. and State of Alabama, Respondent. Federal Circuit. No petition number. Addressed to The 11 Circuit Individual Justice Mr. Justice Anthony M. Kennedy. Disposition — as appearing the petition fell flat. date received? or filed? No disposition. Copy of petition mailed April 3rd, 2006

Re A.k.a. prisoner N/098316 Irving Johnson, petitioner vs State, Dallas County, Alabama. Respondents. A petition for redress addressed to the United States Congress was sent forth — June 09th, 2008. When did not receive any communication, I on August 12th, 2008 sent forth an inquiry to M's Pelosi. and still no communication came, I sent forth a letter in October of 2008 to Vice President Chaney. On January 12th, 2009 I received a letter from Theresa Weathers U.S Department of Justice Civil Rights Division stating in part that, " The matter you mentioned in your letter is one within the jurisdiction of the Courts or the state. This Department has no authority to take any action in the matter."

On February 17th, 2009 sent forth a copy of Writ of Habeas Corpus Ad subjiciendum for release to the State of Alabama Congress. Ex parte 098316. A.k.a. Irving Johnson, Petitioner vs. Dallas County, Respondent(s) In the matter of. State of Alabama vs. Ervin Rawls. aka Ervin Johnson DC-87-755 District Court of Dallas County, Alabama. and State of Alabama vs Irving Johnson, A.k.a. Ervin Rawls Case 88-43N Circuit Court of Dallas County, Alabama. As it seem the Petition fell flat

Redress Complaint reporting of wrongs. After the over coming of the claim that such is not legal mail, I on or about February 2011 sent forth by personal prepaid postage a copy of the said to the United States of America Commander in Chief, The President, Barrack Obama. On the 1st of February 2012, I sent forth an inquiry concerning the Redress Complaint as of today May 04th 2014 it appears the redress Complaint has fallen flat. and so the letter of inquiry

State Civil action. N/098316 Irving Johnson vs. M's Parker Defendant Escambia County. Case 2007-000031.00 Circuit Judge Bert W. Rice.

Disposition. Ordered Dismissed. "It now appears that civil action had not the authority to move against me". Thus order voidable. Civil action Complaint filed. February 21st, 2007 Order entered April 27th, 2010.

II. I am presently housed in the Segregation Unit Cell L-18 at the Alabama Department of Corrections W.C. Holman correctional Facility. The in civil action complaint complained of took place at the said facility. The here in application complained of took place, as best I know, in the Defendant's offices and minds.

III. The named Defendants are as follows,    Addresses are as best I Know.

1. Robert Bentley.    Alabama State house, 11 South Union Street. Montgomery, Alabama 36130.

2. Charles Price.    Fifteenth Judicial Circuit Court. P.O. Box 1667, Montgomery, Alabama 36102

3. Clerk's Office, State Supreme Court, and Robert G. Esdale, Sr.    300 Dexter Avenue – Montgomery, Alabama 36104-3741.

4. Florence M. Cauthen.    P.O. Box 1667 (Montgomery County Courthouse) Montgomery, Ala. 36102.

5. Montgomery County Commission.    P.O. Box 1667 Montgomery, Alabama 36102.

6. Donald L. Mims.    P.O. Box 1667, Montgomery, Alabama 36102

IV. , I am not certain of any particular date for assigning the violations. Defendant Bentley has yet to respond. Defendant Price violations as best I know occurred; January 06th, 2012, and when he did not respond in reply on the Appellant's pauper Motion. The Supreme Court Clerk's office violations as best I know occurred; June 27th, 2012 when according to record the clerk provided no Appellant pauper motion for leave was sent. and did not acknowledge one was received about the 25th. and On or about April 19th, 2012 the office as appears returned the petition prior to seeing it to the desk of the Justice. Florence Cauthen. Violations as best I know occurred, September 29th, 2011 and February 8th, 2012. The Violations originally complained of initially occurred April 08th, 2010. The Commission of Montgomery County Violation(s) as best I know occurred March 2011, and April 04th, 2011. April 20th, May 10, May 31, and June 27, 2011.

V. Grounds as against named Defendant Bentley, In my judgment #1- #3.

4.

1. Refused due fairness of right to be made aware or informed of the requested.

    Within the borders of the United States of America and State of Alabama, after being dealt treatment which I do not accept as justice in matters and having no more State courts I know of to appeal to, I in April of 2012 petitioned the position of Alabama's local head of law enforcement for corrective remedy. As best I know at the time and presently the position was and is filled by Robert Bentley the named defendant. On June 06th and 18th of 2012 Inquiries (Inquirtes) as to whether the petition had been received were sent forth. As of today I am yet to receive due communication from the defendant's office. The silence is not due decision on the fact of the petition I am entitled of nor response on the inquiries.

2. Failure or refusal to represent me by applying and enforcement of due entitlements, for corrective remedy.

    Any doing which hinders the due effective operation of a governing principle or Entitlement of the Individuals is unconstitutional and United States of America's Armed forces active member Dishonorable. As appearing the defendant in his silence supports boldly the imposing of illegal enforcement against the Individuals secured entitlement to proceed as am a financially penniless individual with a serious complaint. The petition presents facts of an obvious validly supported pauper application. If I can not do what is by the law required, I am by the law justified for the failure. Thus a breach (reach) of trust and promise has occurred. The Petition also informs, copy of petition was sent forth April 13th 2012 for reaching the State Justice and that copy of would sent Circuit Court Judge on the 16th. I am entitled to know why I was refused.

3. The doing resulting further imposed upon me unnecessary labor not accepted by the constitutions.

    The judicial officer's wrongdoing forced unwanted labor on me through his wrongful use made of law which is Involuntary servitude in nature. The defendant's failure also does so. Absent due process of law.

    Ground as against named Defendant Price. In my judgment #1 - # to 1. Refusal of pauper permission.

    Within the borders of the United States of America and State of Alabama, On September 26, 2011 I sent forth to the Montgomery County Circuit Court a civil action complaint complaining of False imprisonment and physical violence and brutality by Correctional employed persons that is accompanied with a pauper application and witness-supportives, according to document of record both entered filed on September 28, 2011. On January 12th 2012 I received copy of the defendant's January 06th, 2012 order refusing me pauper permission. The refusal is groundless and as appearing a suspected cover up for another's or others wrongs.

5

2. Suppression of due justification for the refusal of pauper permission.

Rights or entitlements allowed and/or supported by law validly are not to be illegally prevented nor refused. The justification is required as due process included. In his doing he has fail to serve and protect.

3. Due right of access to Circuit Court prevent absent due fairness of entitlements

Prevention of due right of access to court is contrary to that which under the law is fair, promised and required. liberty includes right to government which protects/or shields against harm of not receiving due entitled protection. The right to life includes the right to defend oneself against both physical attacks and unjust governmental action I am due those entitlements which defendant action without given reason has refused me.

4. As appearing forced me labor in the wrong direction unnecessarily and unwanted.

The Civil Complaint and Pauper's papers were as required addressed to the Circuit Court. So done as I accept for any needed approval to be applied or refused prior to being filed through computer process from the Presiding judge's chambers to the Circuit Court's clerk office available for service of process. According to the Case Action Summary, The documents were filed the Complaint first and followed by pauper's papers on the 29th of September, 2011. At this point in the matter, I am due: commencement of service of process on the named Defendants who were to be served by Montgomery Sheriff's Department. and about October 08th service on the others by certified postage mail as requested. As a resulting of the serving, answer to the defendants causing entries prior to trial timely.

Defendant Price in his Contrary to: the weight of the evidence, statutory requirement and constitution demand Individual entitlement; January 06th, 2012 Opinion ordered refusing me indigent status, forced upon me as plaintiff work to be done prior to the above stated due. The doing lack showing any valid reason for its being. Thus does not respect nor represent me in my legally secured entitlement. The entrusted must be reclaimed.

5. Refusal to assent allowance of assistance for corrective remedy and due justification for the refusals.

I sought an appeal of the said opinion order. The Defendant Silence Conveys a non granting of the sought permission to the State Supreme Court, Conceals a material fact required to be made known to a plaintiff or Defendant/Appellant. and again or further acted in lawfully uncalled for refusal which inflicted pain and suffering of legal right injury upon a layman Contrary to: governing principle which otherwise would not have entered

6

at this point in the matter. Fairness, Due honesty, Constitutions Commands and the secured are owed so protection of the Individuals.

6. Suspicious Circumstances as appearing an willful effort for Covering-up self and or another's wrong(s).

The motion for indigency permission is supported by: A Declaration, Business office authorized person's certificate of penniless status that is notarized and supported by a computer print out, were mailed September 26th, 2011, according to document of record entered filed on the 28th at 12:50, entered through computer process from the presiding circuit judge the Defendant.

Service of process by the sheriff department is to be carried out without delay upon the issuance of summons. The Complaint is authorized when brought in the name of the State of Alabama and involves the prison system or and the State. Two of the Defendants are there in Montgomery City and or County, the other six at the time were at this Facility in Escambia County.

If the defendant is planning to claim losing jurisdiction prior to service of process I can not be made to lose a non frivolous obvious victory because of his or their deliberate skillful intention. The defendant under the law can not make the state liable, thus = whether in his personal competency or official capacity he is responsible for his actios especially when done in bad faith. and losses.

7. By preventing law suit on the existing matters being considered in the fifthteenth judicial circuit court.

On the 09th of December 2013 A.M. by way of legal action mail franking channels I forward two copies of civil action complaint against Charles Price and any other implicated and or added... one copy bears a cover and a C10 form a conditional pauper application, an informing of the Notary Public problem here and the December 02nd, 2013 dated letter to judge and clerk. On the 16th the papers returned, providing for a completion of Affidavit of hardship and order form. On the 23rd by way of said franking I sent a copy of: Motion for leave, Declaration in Support which is support by a certification of penniless by Authorized person. W.C. Holman Correctional Facility. Such was addressed to the circuit court. I am yet to receive a docket number nor grant of pauper permission. Copies of complaints as above said accompanied the completed pauper motion and declaration. evidence on hand.

Here it appears that: access to circuit court right is being suppressed by intention of ignoring or connivance. The defendant is furthering his mistreatment of the already unlawful and pitifully oppressed, without due shown justification. and that his doings are presently serving to his advantage. According to the people of the American colonies, A King can do wrong and be opposed with humbling enforcement, A reasonable inference of the Constitutions Commands is The Defendant like this

7

State has no legal authorization to inflict unlawful enforcement in support of nor in opposition to one's secured entitlement(s).

Grounds as against name Defendant Esdale, Sr. and The Clerk's Office. In my judgment #1 & #3

1. By refusing me due response.

Within the borders of the United States of America and State of Alabama in connection with the Judicial Clerk's office county to state. According to record docketing statement entered circuit file February 02nd, 2012, 12:30 So I take it that notice of appeal as so entered then. After not being granted permission to proceed by the circuit court judge. I on the 23rd of February sought the Supreme Court's permission to proceed by sending among other documents. A motion to be allowed to proceed which at the bottom is supported by this Holman facility authorized person's certification of penniless. On the 27th I received from the Supreme Court's office a copy of February 23rd 2012 date notice that states, the docket fee was not received nor was motion to proceed in forma pauperis. "See rule 24 A.R. App. P." within seven (7) days may result in dismissal for failure to pay or file motion. On the 28th I sent a letter to Chief Justice Malone informing of what I sent on the 23rd. A copy of the motion by which I sought permission to proceed accompanied the letter to said justice of which I informed is to serve where the other is not present. When no permission to proceed came. On the 26th of March, 2012 I sent forth a letter requesting to be informed what action has or will be taken in the matter.

Motion for permission to proceed was sent February 23rd and on the 27th given security by sending a copy of to the justice, and having no docket number the status of the matter is well within owed due process. The Clerk in his non response with held information due to me; Thus refused me legal right fairness, and violates Constitutions Commands. and right of Discovery.

2. Refusal of right to have a copy of Petition served the Chief Justice.

When not informed of case status. I on April 13th, 2012 sent forth to the Chief Justice a copy of the petition as sent to Defendant Bentley seeking due Justice from the inflicted wrongs by the Supreme Court officer(s) and or employees. The copy of the petition was returned April 20th, 2012 as appearing prior to being served on the Chief Justice. Stated returned by "The Clerk's Office." As it appear the Clerk's office in his, her or their attitudinal conduct failed to serve my right to have a paper or document placed before the Chief Justice, thus robbed me of any response and discovery the petition may have caused to be.

8

3. In accordance with the facts as from my doings, Wrongful refusal of entitlement to appeal.

On June 11th, 2012 I received Copy of A June 07, 2012 dated Order from the Clerk of Supreme Court providing appeal is dismissed due to failing to pay docket fee and to file a motion to proceed in forma pauperis. In the March 26, 2012 sent letter I requested what action had been taken. The Clerk in his silence did not provide he had not yet received a copy of the motion for leave to proceed. The copy of Petition also provided I sent to you on the 23rd of February 2012 a copy of the required. Thus, the dismissal presents the question of whether it is a cover up for a wrong or a conspiracy to rob me of $1,787,000.00. The Justice was also sent a copy of the motion sent you so that it could be provided for if not prior received. Such actions refuses me due law of the land entitlement, and probably further contributed to case loss.

Grounds as against named defendant Cauthen, In my judgment #1 - #2.

1. As appearing suspicious circumstance, refusal or did not cause a due service of process by the Sheriff's department.

Within the borders of the United States of America and State of Alabama and as best I know within the Montgomery County Court house and Circuit Court Office, during the duration of September 28th, 2011 through February of 2012. In the matter of Civil Action. Case # 001190.00 of 2011. The Complaint and Indigent's leave papers entered filed September 28th, 2011. Irving Johnson vs. six Alabama D.O.C. Correctional facility patch of authority wearers and two of their legal defense attorneys. The two said attorney are or were in Montgomery City and were to be served by the sheriff's department. reasonable assumption, both of said filed document went to the Circuit judge's chamber, yet according to document of record service of process had not been executed as of December 27th, 2011. According to considered governing principle, Service of process to be served by sheriff's department upon filing of the document issuance of summons must be immediately performed. yet none of this occurred, nor had service of process by Certified U.S. postage Mail. No valid Justification for the delay or omission has been afforded. Under the law I am to do all which the law allows without unfair interference by State officers nor are they to impose unlawful enforcement for nor against a person's secured entitlement(s). I am entitled those protection(s).

2. As appearing suspicious circumstances, unjust suppression of facts and evidence while under obligation for performing to the contrary.

I am of the assumption that notice of appeal sent on January 30th, entered filed February 02nd, 2012. The defendant in her doing of Letter of transmittal of notice of Appeal exhibited documents of February 08th, 2012. failed to show due: pauper Motion, Declaration, Supporting certification and Com-

9

-puter printout by the prison facility's authorized person. The Cover and page one of the Complaint. Copy of Judge's denial of Appeal nor Copy of Judge's justification for his denial or refusal. The January 06th, order does not validly comply with Rule 24. And failed to make due correction, nor have I any statement that you were prevented so willy nilly. Among others the doing are as appearing: Concealments, Acts of skillful intent making use of operation Knowledge, An accomplice, or an accessory and Robber and a conspiracy. Defendant Cauthen like the State is limited to that which can be achieved legally and under the law as a representative for the government is responsible for action. Thus can not legally make use of unlawful enforcement against the Secured legal Entitlement of ones in the United States and State of Alabama. I am by law entitled those protections.

Grounds as against named defendant(s) Mims and the Montgomery County Commission. In my Judgment #1

1. By failing to without delay inform that he nor the agency could not provide for or not caused the curatives requested.

Within the borders of the United States of America and State of Alabama. As best I know at his office during the duration of March through May of 2011 As a continued resulting of circuit judge Price conduct, I on or about March 11, 2011 addressed the problem to the Montgomery County Commission Presiding Commissioner requesting: the requiring of him to return case 000728.00 of 2009 to its appropriate status for reason it has been shown such is owed. In case 005900.00 of 2009 a requiring of bringing it's into court, answer to the Motion or cause a passing on of it to a non-corruptionist. A requiring that the unconstitutional practice or procedural corruption be ceased in case 001172.00 of 2010, pauper permission granted and action of due required procedure straight away commence.

In another endeavor I reinformed of the March 11th, requested requiring of curatives and that I have not received as much as a written Response on the said 09-059 and 09-728. On April 04, 2011 I further sought his aid. On April 20 I provided in concern of circuit Clerk refusing me a copy of clerk record for the Appeal knowing that I am penniless and judge price refused to provide due corrective and inflicted work upon me against the acceptance of my free will willingness without lawful cause. From past experiences I am led to believe that due process requires fairness in the governments dealings with the Individuals especially the laymans or lay public. The communication to the commission was allowed to be drawn out from March to Mid-June of 2011. to provide that I should contact an attorney at law.

Believing as I do I hold with that Fairness in this matter would be required to have prevented the unnecessary work by affording that response as a result of the first communication.

10

I now request of the Court to, for fairness, Justice, and me; do the following:

1. Upon the granting of me to proceed in digency in form me of so, also granting permission to send in the copies of summons and complaint to be served on each Defendant and that service of process be done by the United States Marshals Service and bill me to later pay.

2. Upon the merits of the facts, fairness of the law and Justice requires, decision or judgment against the Defendant and favorable of me as plaintiff, Enforce me in the Demands.

The Demands against each Defendant, as follows stated.

A. $1.00 Nominal damages for each violation existing which lack compensatory strength and costs commencing with the filing fee of $350.00, and service of of process-fee.

B. Monetary token awards in the amounts stated, and other non monetary ones

Defendant Robert Bentley. $10,001.00 dollars for each of the three claims and a reclaiming of the entrust of him ever presiding over my rights.

Defendant Donald L. Mims., Montgomery County Commission. $10,001 dollars.

Defendant Charles Price. $1,787,000 Dollar robbed of in connection with C.A. case 001190.00 of 2011. 15th Judicial Circuit Court filed case, costs of said Action. $10,001.00 dollars for each — present 7 claims. Punitive Damages of 800 Avoirdupois Ounces of pure natural gold. And a prevention of his ever again sitting the judgment of any action to which I am a party.

Defendant Robert G. Esdale Sr. and the Clerk's office. $10,001.00 for each of the first two Claims. and for the third, whether criminal or not $1,787,000.00 Dollars for contribution to case loss and the $10,001.00 Dollars punitive damages of 800 Avoirdupois Ounces pure natural gold. And on order of prevention of his ever again in office of public preside over my Rights.

Defendant Florence M. Cauthen. $10,001.00 dollars for each of the two claims and as an accessory to the resulting loss $1,787,000.00 dollars and filing fee of that case (C.A. 001190.00 y 2011). Plaintiff's Signature. Johnson, I. 98316

Declaration: I declare under penalty of perjury that the hereinbefore is true and as best I know correct.

Completed the here-in-before written Today June 05th, 2014.

Johnson, I. 98316
Plaintiff.

11.

98316 Irving Johnson (L-18)
W.C. Holman Correctional Facility
Holman 3700
Atmore, Ala. 36503

6/06/14 A.M.



$ 000.98
02 1P
0000806763   JUN 06 2014
MAILED FROM ZIP CODE 36502

LEGAL MAIL ONLY

Office of the Clerk,
United States District Court,
One Church Street, Suite, B-110,
Montgomery, Ala. 36104-4018.